UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

PONCIANO BOLIMA,

    Plaintiff,

v.

BENTO KISSIMMEE, LLC,

    Defendant.

CASE NO. _____

## DEFENDANT'S NOTICE OF REMOVAL

PLEASE TAKE NOTICE that Defendant, Bento Kissimmee, LLC ("Bento" or "Defendant"), by and through its undersigned attorneys, pursuant to 28 U.S.C. §§ 1331, 1441, and 1446, hereby removes this action from the County Court of the Ninth Judicial Circuit in and for Osceola County, Florida, to the United States District Court for the Middle District of Florida, Orlando Division, and in support of such removal states:

1.    Bento is the Defendant in this civil action filed in the County Court of the Ninth Judicial Circuit in and for Osceola County, Florida, on or about April 9, 2021, titled *Ponciano Bolima v. Bento Kissimmee, LLC*, Case No. 2021-CA-001032-OC (hereinafter, the "State Court Action").

2.    Plaintiff's Complaint & Demand for Jury Trial ("Complaint") is a two-count complaint alleging discrimination in violation of the Civil Rights Act of 1866 under 42 U.S.C. § 1981 ("Section 1981")(Count I), and retaliation in violation of the Florida's Private Whistleblower Act under Fla. Stat. § 448.102 ("FWA") (Count II).

3.       On April 14, 2021, Bento waived service of process in the lawsuit and received the Summons and Plaintiff's Complaint in the State Court Action via electronic mailing. (*See* Waiver of Service of Process attached hereto as **Exhibit A** and Summons and Complaint attached hereto as composite **Exhibit B**). This removal petition is therefore timely as it is filed within thirty (30) days after receipt of the Summons and Complaint. *See* 28 U.S.C. § 1446 (b).

4.       Pursuant to 28 U.S.C. § 1446 (a), copies of all process, pleadings, and orders served on Defendant, are attached hereto as composite **Exhibit B**.

5.       Pursuant to 28 U.S.C. § 1446 (d), written notice of the filing of this Notice will be served on Plaintiff, the only adverse party, and a copy of this Notice will also be filed with the County Court of the Ninth Judicial Circuit in and for Osceola County, Florida, a copy of which is attached hereto as **Exhibit C**.

## Federal Question Jurisdiction

6.       This action is properly removable to federal court because Plaintiff's Complaint presents a federal question pursuant to 28 U.S.C. § 1331, inasmuch as Plaintiff alleges violations of rights under Section 1981.

7.       The events alleged by Plaintiff giving rise to his claims occurred in Osceola County, Florida, as alleged in Paragraph No. 3 of Plaintiff's Complaint. (*See* Pl's Compl. at ¶4.) Thus, venue properly lies in the U.S. District Court for the Middle District of Florida, Orlando Division.

8.       Pursuant to 28 U.S.C. § 1367 (a), this Court has supplemental jurisdiction over Plaintiff's remaining FWA claim, arising under Florida state law. Plaintiff's state law claim is significantly based upon the same set of facts alleged in support of Plaintiff's claim under

federal law, and present substantially the same legal issues.[1] Plaintiff's state law claim is so related to his claims under federal law that they form part of the same case and controversy under Article III of the United States Constitution. Accordingly, pursuant to 28 U.S.C. § 1367(a) and § 1441(a), this Court should exercise its supplemental jurisdiction over Plaintiff's state law claims. *See, e.g., French v. One Touch Direct, L.L.C.*, No. 8:09-cv-394-T-30MAP, 2009 U.S. Dist. LEXIS 46473, at *4 (M.D. Fla. May 26, 2009) (exercising federal subject matter jurisdiction over a Section 1981 claim and supplemental jurisdiction over a whistleblower's retaliation claim under the FWA); *Etienne v. Muvico Theaters, Inc.*, No. 01-6265-CIV-HURLEY/LYNCH, 2003 U.S. Dist. LEXIS 14036, at *9 (S.D. Fla. Mar. 12, 2003) (noting the court has federal subject matter jurisdiction over plaintiff's federal claims, including a Section 1981 claim, and supplemental jurisdiction over plaintiff's state law claims, including a whistleblower's retaliation claim under the FWA).

9. Further, Plaintiff's state law claim does not involve novel or complex state law issues, and the state law claim does not substantially predominate over the federal law claim. *See* 28 U.S.C. § 1367(c).

10. Therefore, removal is appropriate pursuant to 28 U.S.C. § 1441.

WHEREFORE, on the basis of the foregoing, Defendant, Bento Kissimmee, LLC, respectfully submits that removal of this action from the County Court of the Ninth Judicial Circuit in and for Osceola County, Florida to this Court is proper.

---

[1] In fact, FWA claims are analyzed under Title VII federal retaliation standards. *Castillo v. Roche Labs.*, 467 F. App'x 859, 862 (11th Cir. 2012).

Dated this 23rd day of April, 2021.

Respectfully submitted,

By: */s/ Luis A. Santos*
Luis A. Santos
Florida Bar No. 084647
lsantos@fordharrison.com
Cymoril M. White
Florida Bar No. 1019025
cwhite@fordharrison.com

**FORDHARRISON LLP**
101 E. Kennedy Blvd., Suite 900
Tampa, Florida 33602
Telephone: (813) 261-7814
Facsimile: (813) 261-7899

Attorneys for Defendant

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on April 23, 2021, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send a notice of electronic filing to:

Jason W. Imler, Esq.
jason.imler@printylawfirm.com
Gary L. Printy, Jr., Esq.
garyjr@printylawfirm.com
Printy & Printy, P.A.
3411 W. Fletcher Ave, Ste A
Tampa, FL 33618

*/s/ Luis A. Santos*
Attorney

WSACTIVELLP:12229715.1