IN THE CIRCUIT COURT OF THE NINTH JUDICIAL CIRCUIT
IN AND FOR OSCEOLA COUNTY, FLORIDA

PONCIANO BOLIMA,

    Plaintiff,

vs.

    CASE NUMBER:
    CIVIL DIVISION:

BENTO KISSIMMEE, LLC.,

    Defendant.

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, PONCIANO BOLIMA, (hereinafter "Plaintiff" or "Mr. Bolima"), a Florida resident, by and through the undersigned counsel, hereby sues Defendant, BENTO KISSIMMEE, LLC. (hereinafter "Defendant" or "BENTO"), and alleges:

### JURISDICTION AND VENUE

1. This is an action for damages which exceed thirty thousand dollars ($30,000).

2. This Court has jurisdiction pursuant to § 26.012(2)(a), Florida Statutes (2016), as the matter in controversy, arising out of discrimination based on the Civil Rights Act of 1866 (42 USC § 1981) and retaliation in violation of the Florida's Private Whistle-blowers Act ("FPWA") relating to his termination of employment from BENTO KISSIMMEE, LLC. ("Bento") on August 9, 2019.

3. Venue is appropriate in Osceola County under § 47.011, Florida Statutes (2016), because the events giving rise to the cause of action occurred in Osceola County and Defendant's principal place of business is in Osceola County.

## PARTIES

4. The Plaintiff is PONCIANO BOLIMA, a permanent resident who resides in Polk County, Florida.

5. Defendant, BENTO, is a Florida Limited Liability Company with its principal place of business at 3254 Margaritaville Boulevard, Bay D.120, Kissimmee, FL 34747.

## GENERAL ALLEGATIONS

6. Mr. Bolima worked as the Executive Chef of Bento from February 7, 2019 to August 9, 2019.

7. Bento terminated Mr. Bolima on August 9, 2019 because of his race and his objections to practices in violation of food safety regulations included in Chapter 64E-11, Food Hygiene, Florida Administrative Code.

8. On February 7, 2019, Gene Kim, Director of Sushi Operations, hired Mr. Bolima as the Head of Department ("HOD") Executive Chef at Bento's Kissimmee location.

9. During his employment, Mr. Bolima was responsible for making sushi from scratch, training other sushi chefs, assisting with hiring and discipline and general management of the sushi department including monitoring the sushi department's profitability and quality standards, providing direction to line employees to improve the operations of the department, and assisting with food production as needed.

10. In March 2019, Mr. Bolima met Denise Sage, General Manager at Bento' Kissimmee location. From the moment Mr. Bolima and Ms. Sage met, Ms. Sage belittled Mr. Bolima and showed him no respect. Ms. Sage refused to listen to anything Mr. Bolima had to say. However, she always treated Mr. Bolima's white subordinates with the upmost respect and courtesy. Ms. Sage made a habit to micromanage Mr. Bolima and constantly sought out any

errors to make Mr. Bolima look less credible to the corporate office even when errors were not his fault or even in his department.

11. In June 2019, Mr. Bolima complained to Ms. Sage regarding food safety and temperature abuse issues; Ms. Sage was unwilling to address his concerns.

12. On June 9, 2019, Mr. Bolima's father-in-law needed to have emergency surgery to correct a blood clot in his leg. Mr. Bolima requested time off from June 9, 2020 to June 23, 2020, to travel to New York with his family to help care for his father-in-law.

13. When Mr. Bolima returned from New York, he found that the food safety issues he brought to Ms. Sage's attention had still not been addressed. Concerned about the health of Bento's guests, Mr. Bolima called Mr. Kim to escalate his concerns. Mr. Bolima followed up this phone conversation with an email that he sent to both Mr. Kim and Bento's Human Resources Director, Andreina Rivas. Unfortunately, they told Mr. Bolima that he needed to address the issues with Ms. Sage and that there was nothing that they could do.

14. Following, Mr. Bolima's report of food safety violations to Mr. Kim and Ms. Rivas, Ms. Sage's treatment towards Mr. Bolima became even more harsh. Ms. Sage no longer spoke to Mr. Bolima unless it was to yell at him in front of his staff.

15. On June 27, 2020, Ms. Sage presented a corrective action form to Mr. Bolima alleging that he failed to follow the proper scheduling procedures in Bento's Homebase program. Ms. Sage's specific complaint was that on Monday, June 24, 2019, Mr. Bolima clocked in fourteen minutes early, did not take a break, and failed to clock out at his posted schedule time without notifying direct management or the corporate team. Prior to receiving this corrective action, Ms. Sage had never discussed any concerns she might have had with the way Mr. Bolima had used the Homebase system. According to Bento's progressive discipline policy, Ms. Sage

should have had a leadership discussion with Mr. Bolima prior to requiring him to sign a corrective action.

16. On August 9, 2019, Ms. Sage stopped Mr. Bolima on his way to clock in for his shift and presented him with a corrective action terminating his employment. In the corrective action, Ms. Sage alleged that Mr. Bolima continually engaged in behavior that violated Bento's Standards of Conduct. Specifically, Ms. Sage alleged that Mr. Bolima had continuous issues with poor communication, an inability to work well with his team, and a lack of ability to follow in-store policies. Again, prior to terminating Mr. Bolima, Ms. Sage never held a leadership discussion to address any of these concerns with Mr. Bolima.

17. The truth is that Ms. Sage treated Mr. Bolima in a hostile and discriminatory way from the very first time that she met him and her behavior towards Mr. Bolima only worsened following his complaints regarding food safety violations.

18. Mr. Bolima has suffered damages due to Ms. Sage's discriminatory actions that led to his termination and in retaliation for his complaints regarding food safety violations in violation of the Florida Private Whistle-blowers Act and the Civil Rights Act of 1866 (42 USC § 1981).

19. Bento is liable for the loss of income Mr. Bolima sustained because of his unlawful termination under the FPWA and 42 USC § 1981.

20. Mr. Bolima has incurred costs and attorney's fees in bringing this matter.

# COUNT I
# DISCRIMINATION BASED ON RACE
# IN VIOLATION OF 42 U.S.C. §1981

21. Plaintiff, PONCIANO BOLIMA, re-alleges and incorporates by reference the allegations set forth in paragraphs one (1) through twenty (20) as set forth above as if set forth fully in this count.

22. Mr. Bolima is a member of a protected class, Asian male of mixed Asian descent.

23. At all times relevant, by virtue of his employment by the Defendant, Mr. Bolima was in a contractual relationship with Bento within the meaning of 42 U.S.C. §1981.

24. Mr. Bolima worked as the Executive Chef of Bento from February 7, 2019 to August 9, 2019.

25. In March 2019, Mr. Bolima met Denise Sage, General Manager at Bento' Kissimmee location. From the moment Mr. Bolima and Ms. Sage met, Ms. Sage belittled Mr. Bolima and showed him no respect. Ms. Sage refused to listen to anything Mr. Bolima had to say. However, she always treated Mr. Bolima's white subordinates with the upmost respect and courtesy. Ms. Sage habitually micromanaged Mr. Bolima and constantly sought out ways to make Mr. Bolima look less credible to the corporate office.

26. On August 9, 2019, Ms. Sage terminated Mr. Bolima's employment. Ms. Sage alleged that Mr. Bolima continually engaged in behavior that violated Bento's Standards of Conduct; yet Ms. Sage failed to follow Bento's progressive discipline policy when terminating Mr. Bolima.

27. Mr. Bolima's race was a motivating factor in the adverse actions.

28. As a direct and proximate result of Defendant's actions, Mr. Bolima has suffered damages, including, but not limited to, past, present, and future lost wages and benefits,

emotional and mental anguish, loss of the capacity for the enjoyment of life, and other compensatory damages.

29. By virtue of the actions described herein, BENTO has violated § 1981.

30. Defendant's actions permitting the on-going harassment of Mr. Bolima were reckless, willful and/or malicious.

31. Mr. Bolima's losses are permanent and continuing and Mr. Bolima will continue to suffer losses in the indefinite future.

WHEREFORE, Mr. Bolima demands that the Court enter Judgment against Defendant, and:

    A.    Direct Defendant to provide back pay;

    B.    Direct Defendant to reinstate Plaintiff or if that is not feasible, award him front pay;

    C.    Direct Defendant to make Plaintiff whole by compensating him for mental anguish, emotional damages, loss of the capacity of the enjoyment of life, and humiliation;

    D.    Direct Defendant to pay reasonable attorney's fees and costs associated with the prosecution of this lawsuit;

    E.    Award punitive damages;

    F.    Award Interest on any amount awarded; and

    G.    Grant any other award or equitable relief the Court finds just and proper.

## COUNT II
### VIOLATION OF THE FLORIDA PRIVATE WHISTLE-BLOWER'S ACT
### § 448.102 – Florida Statutes

32. Plaintiff, PONCIANO BOLIMA, re-alleges the allegations set forth above in paragraphs one (1) through twenty (20) as if set forth herein in full.

33. Plaintiff was employed by BENTO, an employer with more than ten employees that was conducting business in the state of Florida.

34. During Plaintiff's employment with BENTO, Plaintiff discovered that BENTO'S employees were violating several Florida Health Code Regulations.

35. Mr. Bolima informed Gene Kim, Director of Sushi Operations, and Bento's Human Resources Director, Andreina Rivas, of these regulatory violations by email. Unfortunately, they told Mr. Bolima that he needed to address the issues with Ms. Sage and that there was nothing that they could do.

36. On August 9, 2019, BENTO terminated Mr. Bolima in retaliation for his numerous objections to BENTO'S practice of violating food safety regulations included in Chapter 64E-11, Food Hygiene, Florida Administrative Code.

37. The Defendant's retaliatory termination of Mr. Bolima for objecting to and refusing to participate in practices in violation of food safety regulations constitutes a violation of the Florida Private Whistleblower Act. Defendant took retaliatory and adverse employment action against Plaintiff because Plaintiff objected to Defendant's violation of the food safety regulations.

38. As a direct and proximate cause of Defendant's termination of his employment, Plaintiff has suffered and will continue to suffer loss of income, mental anguish, emotional distress, humiliation, financial damages, and loss of reputation.

39. Plaintiff has incurred attorney's fees and costs because of Defendant's violation of the Florida Private Whistleblower's Act.

**WHEREFORE**, Plaintiff, PONCIANO BOLIMA, respectfully demands judgment against the Defendant, BENTO, and requests this Court enter an Order making PONCIANO BOLIMA whole by awarding him the following relief:

A. Declaration that Defendant violated the Florida Private Whistleblower's Act;

B. An injunction prohibiting Defendant from further violations of the Florida Private Whistleblower Act;

C. Reinstatement to his position or a comparable amount of front pay;

D. Compensatory damages for mental anguish;

E. An award to Plaintiff of back pay, including interest, reflecting his lost wages and benefits, which resulted from Defendants' violations of the Florida Private Whistleblower Act; and

F. Any other relief this Honorable Court deems appropriate.

### DEMAND FOR TRIAL BY JURY

Plaintiff respectfully requests a trial by jury.

Dated this 9th day of April 2021.

/s/ Jason W. Imler
**JASON W. IMLER, ESQ.**
**Florida Bar No. 1004422**
**GARY L. PRINTY, JR. ESQ.**
Florida Bar No. 41956
**PRINTY & PRINTY, P.A.**
3411 W Fletcher Ave, Ste A
Tampa, Florida 33618
(P): (813) 434-0649
(F): (813) 423-6543
Email: jason.imler@printylawfirm.com
Email: garyjr@printylawfirm.com
Email: e-service@printylawfirm.com